IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Larry J. BARBER, Attorney at Law.

Supreme Court

*No. 94–0245–D. Filed June 26, 1995.*

(Also reported in 533 N.W.2d 778.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Larry J. Barber to practice law in Wisconsin be suspended for six months as discipline for
professional misconduct. That misconduct consists of
his failure to act with reasonable diligence and promptness on behalf of clients in two divorce proceedings and
respond to his clients' requests for information regard-

ing those matters. We determine that the egregious nature of Attorney Barber's neglect of the two divorce proceedings, neglect that continued for several years and was a repetition of misconduct for which he had previously been disciplined, warrants the recommended license suspension.

Attorney Barber was admitted to practice law in Wisconsin in 1961 and practices in Milwaukee. He has been disciplined previously for misconduct. In November, 1985, he consented to a private reprimand from the Board of Attorneys Professional Responsibility (Board) for neglecting a probate matter, which led to his removal as attorney for the personal representative. In November, 1990, he consented to a public reprimand from the Board for neglect of another probate matter, from which he was removed as attorney for the estate. He also failed to respond to client requests for information concerning the progress of the matter and failed to refund an advanced payment of fees he had not earned.

Attorney Barber pleaded no contest to misconduct allegations alleged by the complaint of the Board of Attorneys Professional Responsibility. The referee, the Honorable John A. Fiorenza, reserve judge, made findings of fact accordingly.

Attorney Barber was retained in October, 1988 to represent a client in a divorce action. Despite numerous requests from the client to proceed with the matter, Attorney Barber took no action in it. When the client asked him to return the retainer she had given him, Attorney Barber declined to refund the money. The matter proceeded to final hearing in April, 1991 and, after numerous requests from his client, Attorney Barber had final judgment entered in February, 1993,

after the client had filed a grievance against him with the Board.

In a second matter, Attorney Barber was retained in May, 1991 to represent a client in a divorce proceeding. Due to Attorney Barber's hospitalization, the client appeared on her own behalf at a default hearing in April, 1992. Thereafter, Attorney Barber failed to file findings and a judgment within the statutory time period and the client wrote to the court and to the Board attempting to have those documents filed. Attorney Barber did not respond to the client's requests made over a period of nine months but finally filed the findings of fact and conclusions of law in February, 1993.

The referee concluded that Attorney Barber's conduct in these two matters violated the Rules of Professional Conduct for Attorneys requiring an attorney to act with reasonable diligence and promptness in representing a client, SCR 20:1.3,[1] and to keep the client reasonably informed of the status of the representation and comply with reasonable requests for information concerning it, SCR 20:1.4(a).[2] As discipline for that misconduct, the referee recommended that the court suspend Attorney Barber's license to practice law for six months. The referee noted that Attorney Barber did not respond to the opportunity

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

afforded him to file a memorandum on the issue of discipline to be imposed for his misconduct.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension is appropriate discipline to impose for Attorney Barber's professional misconduct.

IT IS ORDERED that the license of Larry J. Barber to practice law in Wisconsin is suspended for a period of six months, commencing August 7, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order Larry J. Barber pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Larry J. Barber to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Larry J. Barber comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.